UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGIO VALENCIA BALTAZAR,<br><br>             Petitioner,<br><br>     v.<br><br>WARDEN PAUL BRAZELTON,<br><br>             Respondent. | Case No. 1:13-cv-01538-BAM-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>**FILING DEADLINE:   THIRTY (30) DAYS** |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by the Petitioner and filed by Petitioner on September 16, 2013. Pending before the Court is the petition, which was filed on September 16, 2013, and transferred to this Court on September 24, 2013.

1

II.   <u>Exhaustion of State Court Remedies</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as stated</u> <u>in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

1  Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended
2  by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).
3      Where none of a petitioner's claims has been presented to the
4  highest state court as required by the exhaustion doctrine, the
5  Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d
6  1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th
7  Cir. 2001). The authority of a court to hold a mixed petition in
8  abeyance pending exhaustion of the unexhausted claims has not been
9  extended to petitions that contain no exhausted claims. Raspberry,
10 448 F.3d at 1154.
11     Petitioner alleges that he is an inmate of the Pleasant Valley
12 State Prison serving a sentence of twenty-two years and four months
13 imposed in Merced County Superior Court case number MF4901 or
14 MF49001 on or about May 9, 2011, for various offenses, including
15 possession of a firearm by a felon. Petitioner raises the following
16 claims in the petition: 1) the evidence of Petitioner's having
17 suffered a prior felony conviction was insufficient or,
18 alternatively, was taken in violation of state law, Petitioner's
19 state statutory right to trial by jury, and Petitioner's federal
20 right to due process of law; and 2) court security fees and
21 government code section fees imposed by state law must be reduced at
22 least with respect to some counts because state laws imposing the
23 fees did not go into effect until after the offense was committed
24 and because it violated Petitioner's rights under the Eighth
25 Amendment. (Pet. 1-28.)
26     Petitioner attaches a copy of a petition for review filed in
27 the California Supreme Court which includes discussion of
28 Petitioner's first claim or claims. However, Petitioner does not

attach documentation reflecting that Petitioner raised his second claim or claims, which were not included in the attached petition for review, before the California Supreme Court; further, he alleges that he filed no habeas petitions in any state court with respect to the challenged judgment of conviction. (Id. at 3.) Although Petitioner alleges that he raised the second claim or claims before the California Supreme Court (id. at 6), his petition for review does not include discussion of that issue (id. at 16-31). Petitioner does not specifically describe or document the proceedings in the state courts in which he exhausted his second claim or claims.

Thus, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented all his claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court but has simply neglected to inform this Court.

Therefore, Petitioner must inform the Court if his second claim or claims have been presented to the California Supreme Court, and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court in which the specific claim or claims are raised, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, this Court is unable to proceed with the merits of the petition.

///

### III. Order to Show Cause

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court no later than thirty (30) days after the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **October 16, 2013**      /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE