1

2

3

4

5

6

7                         **UNITED STATES DISTRICT COURT**

8                         **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   SURGIO VALENCIA BALTAZAR,           Case No. 1:13-cv-01538-BAM-HC

12            Petitioner,                ORDER DISCHARGING ORDER TO SHOW
                                         CAUSE (DOC. 9)
13
                                         ORDER GRANTING IN PART PETITIONER'S
14        v.                             MOTION FOR A STAY OF THE
                                         PROCEEDINGS (DOC. 10)
15
                                         ORDER GRANTING PETITIONER THIRTY
16                                       (30) DAYS FROM THE DATE OF SERVICE
                                         OF THIS ORDER TO WITHDRAW HIS
17                                       UNEXHAUSTED CLAIM/S IN ORDER TO
     WARDEN PAUL BRAZELTON,              OBTAIN A <u>KELLY</u> STAY OF THE
18                                       EXHAUSTED CLAIMS IN THE PETITION

19            Respondent.                INFORMATIONAL ORDER TO PETITIONER
                                         CONCERNING DISMISSAL IF UNEXHAUSTED
20                                       CLAIMS ARE NOT WITHDRAWN

21
          Petitioner is a state prisoner proceeding pro se and in forma
22
     pauperis with a petition for writ of habeas corpus pursuant to 28
23
     U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has
24
     consented to the jurisdiction of the United States Magistrate Judge
25
     to conduct all further proceedings in the case, including the entry
26
     of final judgment, by manifesting his consent in a writing signed by
27
     the Petitioner and filed by Petitioner on September 16, 2013.
28
     Pending before the Court is the Court's order to Petitioner to show

                                        1

cause why the petition should not be dismissed for failure to exhaust state court remedies, which issued on October 17, 2013, as well as Petitioner's motion for a stay, which was filed on October 21, 2013.

## I.  Background

In the petition, Petitioner alleges that he is an inmate of the Pleasant Valley State Prison serving a sentence of twenty-two years and four months imposed in Merced County Superior Court case number MF4901 or MF49001 on or about May 9, 2011, for various offenses, including possession of a firearm by a felon.  Petitioner raises the following claims in the petition: 1) the evidence of Petitioner's having suffered a prior felony conviction was insufficient or, alternatively, was taken in violation of state law, Petitioner's state statutory right to trial by jury, and Petitioner's federal right to due process of law; and 2) court security fees and government code section fees imposed by state law must be reduced at least with respect to some counts because state laws imposing the fees did not go into effect until after the offense was committed and because it violated Petitioner's rights under the Eighth Amendment.  (Pet. 1-28.)

Petitioner attached a copy of a petition for review filed in the California Supreme Court which included discussion of Petitioner's first claim or claims.  However, Petitioner did not attach  documentation reflecting that Petitioner raised his second claim or claims, which were not included in the attached petition for review, before the California Supreme Court; further, he alleged that he filed no habeas petitions in any state court with respect to the challenged judgment of conviction.  (Id. at 3.)  Although

Petitioner alleged that he raised the second claim or claims before the California Supreme Court (id. at 6), his petition for review did not include discussion of that issue (id. at 16-31).  Petitioner did not specifically describe or document the proceedings in the state courts in which he exhausted his second claim or claims.  Thus, Petitioner was given an opportunity to establish exhaustion of administrative remedies as to his second claim.

On October 31, 2013, Petitioner filed a motion to stay this proceeding in order to permit Petitioner to exhaust state court remedies as to any issue incorrectly presented to this Court as well as additional issues that were not raised on Petitioner's direct appeal.  (Doc. 10, 1-2.)  Petitioner submits with his motion a copy of a petition that he is submitting to the Superior Court of the State of California, County of Merced, in which he raises the following claims: 1) Petitioner's rights under the Fifth Amendment and the Miranda decision were violated by use of Petitioner's second statement to police; 2) the evidence is insufficient to support two convictions of firearms offenses in violation of Petitioner's right to due process of law; 3) Petitioner's conviction should be reversed because the court took judicial notice of a prior conviction in violation of Petitioner's right to have the issue tried by a jury; 4) evidence of Petitioner's prior sex crimes was inadmissible under Cal. Evid. Code § 1102; 5) trial counsel was ineffective for failure to move to bifurcate the proceedings regarding the prior conviction; and 6) appellate counsel was ineffective for failing to raise the previously listed issues on appeal.  (Doc. 10, 2, 7-20.)

II.  Discharge of the Order to Show Cause

Because Petitioner has timely responded, the order to show

3

cause that issued on October 17, 2013, is DISCHARGED.

III.   <u>Exhaustion of State Court Remedies</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).   The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.   <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.   <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).   A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> by <u>statute</u> as <u>stated</u> in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).   In <u>Duncan</u>, the United States Supreme

4

Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000),

as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," Gatlin v. Madding,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
> Harless, 459 U.S. 4, 7... (1982), or the underlying
> claim would be decided under state law on the same
> considerations that would control resolution of the claim
> on federal grounds, see, e.g., Hiivala v. Wood, 195
> F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
> at 865.
> ...
> In Johnson, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and

federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended
by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the
highest state court as required by the exhaustion doctrine, the
Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d
1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th
Cir. 2001).  The authority of a court to hold a mixed petition in
abeyance pending exhaustion of the unexhausted claims has not been
extended to petitions that contain no exhausted claims.  Raspberry,
448 F.3d at 1154.

Here, Petitioner does not dispute that he failed to exhaust
state court remedies as to one of the claims in his petition.

III.  Motion for a Stay

Petitioner asks for a stay and abeyance of the petition and
leave to amend his petition once the issues pending in the habeas
proceeding in the state court are exhausted.  Petitioner asserts
that his additional claims will be filed within a one-year period
after the California Supreme Court's denial of his petition for
review.  (Doc. 10, 2.)  Petitioner states no basis for a stay other
than his ongoing state court proceedings and his anticipation of a
quick course of exhaustion of judicial remedies throughout the state
court system.  In his state court petition, he states that his
appellate counsel failed to raise these issues on direct appeal.
(Id. at 18.)

A district court has discretion to stay a petition which it may
validly consider on the merits.  Rhines v. Weber, 544 U.S. 269, 276

6

(2005); <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir. 2009), <u>cert.</u> <u>den.</u>, 558 U.S. 887.  A petition may be stayed either under Rhines, or under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  <u>King v.</u> <u>Ryan</u>, 564 F.3d at 1138-41.

Under <u>Rhines</u>, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Rhines</u>, 544 U.S. at 276-77.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 277-78.  A stay of a mixed petition pursuant to <u>Rhines</u> is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id.</u>

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  <u>See</u>, <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  <u>Id</u>. at 1140-41.

A stay under <u>Rhines</u> permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed

while the petitioner attempts to exhaust them in state court.  In contrast, a stay pursuant to the three-step <u>Kelly</u> procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed.  <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005).  In this circuit it is recognized that the <u>Kelly</u> procedure remains available after the decision in <u>Rhines</u> and is available without a showing of good cause.  <u>King v. Ryan</u>, 564 F.3d at 1140.

Here, it is unclear whether Petitioner seeks a stay under <u>Kelly</u> or <u>Rhines</u>.  Petitioner cites to <u>Rhines</u>.  If Petitioner does seek a stay pursuant to <u>Rhines</u>, it does not appear that Petitioner has shown good cause.  The Supreme Court has not articulated what constitutes good cause under <u>Rhines</u>, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay.  <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances."  <u>Id.</u> at 661 (internal quotation marks omitted); <u>see</u>, <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008), <u>cert. denied</u>, --- U.S. ----, 129 S.Ct. 2771,

8

174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner's single unexhausted claim in the petition regarding court security fees and government code section fees appears to have been available to Petitioner during the trial and appeal proceedings in state court. Likewise, it appears that Petitioner had an opportunity to exhaust state court remedies as to the additional claims he seeks to add to the petition after exhaustion of state court remedies, which concern the Fifth Amendment, insufficiency and inadmissibility of the evidence, and the ineffective assistance of counsel.

The Court concludes that Petitioner has not shown that he is entitled to a Rhines stay.

A Kelly stay is effected in three steps:  1) the petitioner must file an amended petition deleting the unexhausted claims; 2) the district court will stay and hold in abeyance the fully exhausted petition; and 3) the petitioner will later amend the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d at 1135.  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

The Court notes that it is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay.  Further, the undersigned is not making any determination at this time that Petitioner can

9

timely exhaust any claims prior to the expiration of the statute of limitations.

Here, Petitioner exhausted his first claim or claim, but his second claim or claims have not been exhausted.  Petitioner will be given an opportunity to withdraw the second claim or claims, as to which state court remedies are unexhausted, and to have the fully exhausted petition stayed pending exhaustion of the other claims in state court.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

IV.   Disposition of the Motion for a Stay

In accordance with the foregoing analysis, it is hereby ORDERED that:

1) Petitioner's request for a stay is GRANTED in part, and Petitioner is GRANTED leave to seek a stay pursuant to Kelly v. Small; and

2)  Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw his unexhausted claim/s and to seek a stay of the fully exhausted petition; and

3) Petitioner is INFORMED that in the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.

Petitioner is further INFORMED that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, Petitioner may still be subject to the one-year statute of limitations imposed

10

by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 172 (2001).

IT IS SO ORDERED.

Dated:   **January 3, 2014**                      /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE