# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGIO VALENCIA BALTAZAR,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN PAUL BRAZELTON,<br><br>        Respondent. | Case No. 1:13-cv-01538-BAM-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION TO WITHDRAW UNEXHAUSTED CLAIMS (DOC. 14)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (DOC. 10)<br><br>ORDER DIRECTING PETITIONER TO FILE STATUS REPORTS EVERY THIRTY (30) DAYS AND AN AMENDED PETITION UPON COMPLETION OF EXHAUSTION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by the Petitioner and filed by Petitioner on September 16, 2013. Pending before the Court is Petitioner's motion to withdraw from his petition unexhausted claims, which was filed on January 13, 2014, in response to the Court's order of January 3, 2014, conditionally granting a Kelly stay of the proceedings if Petitioner withdrew his

1

unexhausted claim/s.[1]

### I. Motion to Withdraw Unexhausted Claims

In the petition, Petitioner raised the following claims: 1) the evidence of Petitioner's having suffered a prior felony conviction was insufficient or, alternatively, was taken in violation of state law, Petitioner's state statutory right to trial by jury, and Petitioner's federal right to due process of law; and 2) court security fees and government code section fees imposed by state law must be reduced at least with respect to some counts because state laws imposing the fees did not go into effect until after the offense was committed and because it violated Petitioner's rights under the Eighth Amendment. (Pet. 1-28.)  The second claim was unexhausted.

In the motion before the Court, Petitioner seeks to withdraw his unexhausted claim.  The Court understands the motion to be to withdraw Petitioner's claim or claims concerning the court security fees and government code section fees imposed by state law.

Accordingly, Petitioner's motion to amend the petition to withdraw the unexhausted claims will be granted.

### II. Petitioner's Motion for a Stay of the Proceedings

In the three-step procedure under Kelly, 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

---

[1] The reference is to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

2

In this case, Petitioner meets the qualifications for a _Kelly_ stay. The petition contained an unexhausted claim or claims, which have been withdrawn. Thus, the instant petition is already exhausted, and the first step of the _Kelly_ procedure is complete. Therefore, the Court will stay the proceedings according to the second step of the _Kelly_ procedure. Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

III. _Disposition_

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to withdraw the unexhausted claims is GRANTED; and

2) Petitioner's motion for a stay of the proceedings is GRANTED pursuant to _Kelly v. Small_, 315 F.3d 1063 (9th Cir. 2003); and

3) The proceedings are STAYED pending exhaustion of state remedies; and

4) Petitioner is DIRECTED to file a status report of his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

5) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

///
///

Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated:  **March 12, 2014**                    /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4