UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGIO VALENCIA BALTAZAR,<br><br>Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>Respondent. | No. 1:13-cv-01538-SKO HC<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 25)** |

Petitioner, Surgio Valencia Baltazar, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his first amended petition, Petitioner presents six grounds for habeas relief: (1) the appellate court resolved his appeal on a point that was never argued or in dispute; (2) the Court improperly took judicial notice of Petitioner's prior conviction; (3) the jury was improperly presented with evidence of Petitioner's prior felony conviction; (4) the trial court allowed the prosecution to use Petitioner's non-*Mirandized*[2] statement at trial; (5) the evidence at trial was insufficient to support Petitioner's conviction for being a felon in possession of a firearm; and (6) ineffective assistance of trial counsel. Having

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

reviewed the record and applicable law, the Court will deny the petition.

I.  **Procedural and Factual Background[3]**

Early on the morning of June 30, 2008, Petitioner approached his first victim ("victim 1") while victim 1 was sleeping in his car. Petitioner woke victim 1 up and asked him for a ride. When victim 1 refused to give Petitioner a ride, Petitioner lifted up his shirt, showing victim 1 what appeared to be a pistol. Victim 1, frightened after seeing the gun, turned his car on and then stepped out of the car and ran away. Petitioner got into the car and drove away with it.

On July 3, 2008, Petitioner approached his second victim ("victim 2"), requesting a ride. Victim 2 refused to give Petitioner a ride, at which point Petitioner lifted up his shirt to show victim 2 a pistol. Victim 2 gave Petitioner his car and Petitioner drove away with it. As Petitioner was driving victim 2's car, the police stopped him; Petitioner lied about his identity to the officers. During the subsequent search of the car, police officers found Petitioner's pistol in the trunk.

On November 7, 2008, Petitioner was charged with two counts of carjacking (Cal. Penal Code § 215), two counts of being a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)), and misdemeanor false identification to a police officer (Cal. Penal Code § 148.9(a)). The charges included a potential sentence enhancement for personal use of a firearm (Cal. Penal Code § 12022.53(a)) in connection with each of the two carjacking counts.

At trial, both victims testified that Petitioner used showed them a gun. Victim 1 testified that after refusing to give Petitioner a ride, Petitioner raised his shirt and the victim saw what he believed to be a pistol. Similarly, victim 2 testified that when he refused to lend Petitioner his car, Petitioner grabbed a pistol under his shirt. Both victims gave Petitioner their cars after being Petitioner showed them his gun.

---

[3] Factual information is derived from *People v. Baltazar*, (Cal. App. Oct. 15, 2012) (No. F062476), and the review of the record.

After the prosecutor rested his case, he requested to reopen the case to present evidence of Petitioner's prior felony conviction. Petitioner was charged with two counts of being a felon in possession of a firearm and the prosecutor was required to prove that Petitioner was a felon. [4] The trial court allowed the prosecutor to reopen his case and the court took judicial notice of Petitioner's prior felony conviction.

On January 15, 2009, a jury found Petitioner guilty of all counts and found both charged enhancements to be true.

Following his conviction, Petitioner escaped from custody. As a result, he was not sentenced until May 9, 2011. Petitioner received an aggregate sentence of 22 years and four months.

On May 9, 2011, Petitioner filed a timely notice of appeal. The California Court of Appeal affirmed Petitioner's conviction on October 17, 2012. The California Supreme Court denied Petitioner's "Petition for Review from the Affirmance of the Conviction by the Fifth District Court of Appeal" on January 3, 2013.

On September 16, 2013, Petitioner filed the instant § 2254 petition. In his original petition, Petitioner raised two grounds for habeas relief: (1) the evidence of Petitioner's prior felony conviction was insufficient, or alternatively, was presented in violation of state law, Petitioner's state statutory right to trial by jury, and Petitioner's federal right to due process of law; and (2) court security fees and government code section fees imposed by state law must be reduced because the fees violated Petitioner's rights under the Eight Amendment. On October 17, 2013, the Court issued an order to show cause why the petition should not be dismissed for

---

[4] Pursuant to California law:

> [a]ny person who has been convicted of a felony . . . who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

Cal. Penal Code § 12021(a)(1).

failure to exhaust state remedies as to ground 2 of the petition. On January 13, 2014, Petitioner filed a motion to stay ground 1, which was exhausted, and to withdraw ground 2, which was not exhausted. On March 12, 2014, the Court dismissed ground 2 and conditionally granted a stay of the petition pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).[5]

On October 29, 2013, Petitioner gave a state habeas petition to prison staff for mailing to the Merced County Superior Court. When Petitioner heard nothing from the Superior Court by March 19, 2014, he filed a notice and request for ruling. *See* Cal. Rules of Court, rule 4.551(a)(3)(B). The Superior Court did not respond.

On July 7, 2014, Petitioner filed a state habeas corpus petition alleging five grounds not raised on direct appeal: (1) the trial court allowed the prosecution to use Petitioner's non-*Mirandized* statement at trial; (2) Petitioner was improperly charged with the use of a gun to commit two carjackings; (3) the Court improperly took judicial notice of Petitioner's prior conviction; (4) the trial court allowed the jury to hear about Petitioner's prior bad act; and (5) ineffective assistance of trial counsel. The California Supreme Court summarily denied the habeas petition on September 17, 2014.

On October 9, 2014, Petitioner filed his first amended petition in this court, presenting six grounds for habeas relief: (1) the appellate court resolved his appeal on a point that was never argued or in dispute; (2) the Court improperly took judicial notice of Petitioner's prior conviction; (3) the jury should not have been presented with evidence of Petitioner's prior felony conviction; (4) the trial court allowed the prosecution to use Petitioner's non-*Mirandized* statement at trial;

---

[5] A court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). In the instant case, the Court granted the stay because Petitioner met the *Kelly* qualifications for a stay by deleting his unexhausted claim. (*See* Doc. 15.)

4

(5) the evidence at trial was insufficient to support Petitioner's conviction for being a felon in possession of a firearm; and (6) ineffective assistance of trial counsel.

On April 14, 2015, Respondent moved to dismiss grounds 2-6 as untimely, which the undersigned denied on July 1, 2016, finding Petitioner's first amended petition was timely filed. (*See* Docs. 31, 49.) Respondent filed a response to the amended petition on October 27, 2016. Although Petitioner was granted two extensions of time, he did not file a traverse.

## II.   Standard of Review

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed after April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring) [hereinafter *Virginia*]. Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at

5

413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S.at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

6

**III.** **Resolution of Petitioner's Appeal by the State Court of Appeal Does Not Present a Cognizable Federal Claim.**

In his first ground for habeas relief, Petitioner argues that the Court of Appeal resolved his appeal on an issue that was neither raised nor briefed. (Doc. 25 at 3-7.) Specifically, Petitioner argues that instead of determining whether the trial court erred in allowing the prosecutor to reopen his case to present evidence of Petitioner's prior felony conviction, the Court of Appeal should have decided whether it was appropriate for the trial court to take judicial notice of Petitioner's prior felony conviction. Petitioner also claims the Court of Appeal denied him the opportunity to brief the issue of the trial court reopening the case before making the determination that the trial court did not err. *Id*. Respondent counters that Petitioner's lack of opportunity to brief the issue of reopening the case does not present a federal question, because alleged errors in a state post-conviction proceeding cannot be addressed on federal habeas review. (Doc. 60 at 9.)

**A.** **State Court of Appeal Opinion**

Petitioner was charged with being a felon in possession of a firearm, among other charges.[6] At trial, the prosecutor rested his case and then requested to reopen the case to present evidence of Petitioner's prior felony conviction to establish the felony element of the felon in possession of a firearm charge. The trial court allowed the prosecutor to reopen his case and took judicial notice that Petitioner had a prior felony conviction.

On appeal, the Court of Appeal summarized both Petitioner's and Respondent's arguments regarding the trial court taking judicial notice:

> [Petitioner] argues that an insufficiency of the evidence of felon in possession is in the record. The [Respondent] argues that an accurate characterization of the

---

[6] Pursuant to California law:

> [a]ny person who has been convicted of a felony . . . who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

Cal. Penal Code § 12021(a)(1).

> issue [Petitioner] raises is not insufficiency of the evidence but court error, that he forfeited his right to judicial review by his failure to object and, alternatively, that he invited error by agreeing to judicial notice and by objecting to the sole instruction that would have put that issue before the jury.

(Doc. 60 at 3.)

Instead of analyzing whether taking judicial notice of the prior felony conviction was appropriate, the Court of Appeal considered whether it was proper under state law for the trial court to allow the prosecutor to reopen the case to present evidence of Petitioner's felony conviction to the jury. *Id*. at 3-8. The Court held that Petitioner "argues that the court's order was a denial of due process, but the premise of his constitutional claim is that the court's order was error, so his due process claim likewise fails." *Id*. at 8. In other words, the Court determined that Petitioner's due process rights were not violated because the trial court did not err in reopening the case at the prosecutor's request.

Petitioner maintains that the Court of Appeal addressed the incorrect issue. Instead of determining whether the prosecutor was properly permitted to reopen his case, Petitioner argues that the "questions before the Court of Appeal were: (1) whether there was sufficient evidence that appellant had suffered a prior felony conviction, and, alternatively, (2) whether the trial court usurped the jury's role by taking judicial notice of a prior felony conviction." (Doc. 25 at 4.)

## B.   State Court of Appeal's Review is Not a Cognizable Federal Claim.

Alleged errors in a state's post-conviction review proceeding are not addressable through federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). Consequently, Petitioner's claim that the Court of Appeal did not address his arguments does not raise a cognizable federal claim for habeas relief. *Id*. Habeas petitions must allege that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner does not allege that the Court of Appeal's failure to address his specific claims was contrary to, or an unreasonable application of, clearly established federal law. Instead,

8

Petitioner claims that the Court of Appeal erred in its decision making process. Accordingly, Petitioner is not entitled to federal habeas relief on his claim that the California Court of Appeal failed to address one of his arguments on appeal. *Franzen*, 877 F.2d 26.

**IV.    Claims Regarding Judicial Notice Are Not Cognizable Federal Claims.**

In his second ground for habeas relief, Petitioner maintains that his conviction should be reversed as the trial court improperly took judicial notice of his prior felony conviction, which under California law, is the jury's responsibility. (Doc. 25 at 15.)    Respondent contends that Petitioner's judicial notice claim is not cognizable under federal law, because federal courts do not make determinations whether state courts properly interpret state law. (Doc. 60 at 15.)

Here, Petitioner was charged with two counts of being a felon in possession of a firearm. To prove this claim,

> [i]n the presence of the jury, the prosecutor requested that the [C]ourt "take judicial notice of its own court file" that [Petitioner] "was convicted on October 18th of 2005 of receiving stolen property, a violation of Section 496(a) of the Penal Code, a felony." The [C]ourt granted his request and instructed the jury with, inter alia, CALCRIM No. 210 on the crime of felon in possession. In argument to the jury, the prosecutor noted that he had "asked that the judge take judicial notice of the fact" that on "October 18, 2005, [Petitioner] was convicted of a felony, receiving stolen property. You'll receive that judicial notice. You should take it as fact. If the judge," he concluded, "finds something, takes judicial notice of it, you must consider it as if it were proved." On both counts of felon in possession, the jury found [Petitioner] guilty.

*Baltazar*, (No. F062476) at 6-7.

In California, a criminal defendant is entitled to have a jury determine "whether or not the defendant has suffered [a] prior conviction." Cal. Penal Code § 1025(b). "The question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury." *Id*. at § 1025(c). Therefore the right to a jury trial on prior conviction allegations is "very limited." *People v. Epps*, 25 Cal 4th 19, 21, 23 (2001).

//

By contrast, there is no federal constitutional right to have a jury determine a defendant's prior felony conviction. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The U.S. Supreme Court has held "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* (emphasis added).

Federal habeas relief is available to state prisoners to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry state law issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[A]lleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citing *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)). Because there is no federal constitutional right to a jury trial on prior conviction allegations, any error in the trial judge's decision to take judicial notice of Petitioner's prior conviction cannot amount to a federal constitutional violation. *Id.* Petitioner's claim is not cognizable on federal habeas review. *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

**V.      Admission of Evidence at Trial Is a Matter of State Law, and Is Not Cognizable on Federal Habeas Review.**

In his third ground for relief, Petitioner contends that his conviction should be reversed because the prosecutor presented evidence of his prior conviction only to show his "propensity" to commit crimes. (Doc. 25 at 17.) Petitioner appears to imply that admitting evidence of his prior felony conviction was improper, because the evidence of his prior felony conviction was irrelevant and prejudicial to the instant case. Respondent states that Petitioner's claim does not present a federal question, because a federal court cannot review state evidentiary rulings on federal habeas review. (Doc. 60 at 16.)

**A. The Admission of Evidence in State Court Is Generally Not Reviewable by the Federal Court.**

Issues regarding the admission of evidence are matters of state law, generally outside the purview of a federal habeas court. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995). "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983). "Although the [U.S. Supreme] Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, see *Williams*, 529 U.S. at 375 . . ., it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley*, 568 F.3d at 1101.

No clearly established Federal law applies to permit a grant of federal habeas relief for the prosecutor's admission of Petitioner's prior felony conviction. *Holley*, 568 F.3d at 1101 (The Supreme Court has not determined whether the admission of irrelevant or prejudicial evidence constitutes a due process violation.). Consequently, the Court will deny relief on Petitioner's claim that evidence was improperly admitted at trial.

**B. Even if the Admission of Evidence Was Reviewable by This Court, the Trial Court Properly Admitted the Evidence of Petitioner's Prior Felony Conviction.**

Here, Petitioner was accused of being a felon in possession of a firearm. To prove this crime, the prosecutor had to show that Petitioner (1) had a prior felony conviction, and (2) was in possession of a firearm. Cal. Penal Code § 12021(a)(1). The prosecutor presented evidence of Petitioner's prior felony conviction to establish the first element of the crime of felon in

11

possession of a firearm. Evidence of Petitioner's prior felony conviction was neither irrelevant nor prejudicial, because it was an element of the charged offense. Therefore, even assuming the Court could properly review this issue, Petitioner cannot show that admission of this evidence "rendered the trial fundamentally unfair in violation of due process." *Holly*, 568 F.3d at 1101.

**VI.** **The State Court Did Not Err in Admitting Petitioner's Second Post-Arrest Statement.**

In his fourth claim for habeas relief, Petitioner states that his Fifth Amendment rights were violated by the trial court's admission of a statement he made to police. (Doc. 25 at 8-10.) Petitioner challenges the admissibility of the statement because police officers did not read him *Miranda* warnings a second time before Petitioner gave "prejudicial evidence." *Id*. at 9-10. Respondent contends that the state court's decision was not objectively unreasonable, because Petitioner was advised of his *Miranda* warnings earlier that day and Petitioner stated at his second interview that he still understood his rights. (Doc. 60 at 11-13.) Based on the totality of the circumstances, Respondent argues that Petitioner did not need to be re-advised of his *Miranda* warnings. *Id*.

Petitioner raised this claim for the first time in a petition for writ of habeas corpus filed in the California Supreme Court. The Court summarily denied the petition. Because Petitioner raised this claim for the first time in his state habeas petition, which was denied without a written opinion, there is no reasoned state court opinion for the Court to review. Consequently, this Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) (internal citations omitted).

Petitioner must show that "there was no reasonable basis" for the California Supreme Court's ruling. *Id*. (quoting *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (internal quotation marks omitted)). "A habeas court must determine what arguments or theories could have

12

supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Id*. (internal quotation marks omitted).

### A. Petitioner's Interview

Petitioner was questioned by Deputy Orozco and read his *Miranda* warnings for the first time on July 3, 2005 at approximately 9:30 a.m. (Lodged Doc. 1 at 9.) After the interview, Deputy Orozco transported Petitioner and booked him into the Merced County Jail. *Id*. at 11. Later that same day, Petitioner was interviewed by different officers while in the jail. *Id*. at 16. Petitioner told the officers that his *Miranda* warnings were read to him earlier in the day by Deputy Orozco, he still understood his rights, and Petitioner chose to speak with the officers. *Id*. The trial court admitted Petitioner's second statement after determining that evidence indicated Petitioner was advised of his rights and a new advisement was unnecessary. *Id*. at 99.

### B. Admission of Petitioner's Second Post-Arrest Statement Was Not Objectively Unreasonable.

The California Supreme Court has held that the re-advisement of *Miranda* warnings "is unnecessary where the subsequent interrogation is 'reasonably contemporaneous' with the prior knowing and intelligent waiver." *People v. Mickle*, 54 Cal. 3d 140, 170 (1991) (quoting *People v. Braeseke*, 25 Cal. 3d 691, 701-02 (1979); *People v. Johnson*, 32 Cal. App. 3d 988, 997 (1973)). The Court must examine the

> totality of the circumstances, including the amount of time that has passed since the waiver, any change in the identity of the interrogator or the location of the interview, any official reminder of the prior advisement, the suspect's sophistication or past experience with law enforcement, and any indicia that he subjectively understands and waives his rights.

*Id*. (internal citations omitted).

Here, the second interview occurred on the same day as the first interview after Petitioner received and waived his *Miranda* warnings. The location where Petitioner was questioned and

13

the individuals who questioned him changed because he was transported to the Merced County Jail. Petitioner, however, was familiar with the criminal justice system, as he was arrested on several previous occasions, and could reasonably be expected to know that any statements he made while under arrest may be used against him. Further, Petitioner told the officers at his second interview that he had received his *Miranda* warnings, understood them, and nevertheless, chose to speak with the officers. Based on these circumstances, it was reasonable for the California Supreme Court to hold that Petitioner's rights were not violated.

The United States Supreme Court focuses on the "totality of the circumstances in determining whether re-advisement of *Miranda* warnings is necessary. *Wyrick v. Fields*, 459 U.S. 42, 47 (1982) (per curiam). Re-advisement is necessary where Petitioner's "circumstances changed so seriously that his answers no longer were voluntary, or [ ] he no longer was making a 'knowing and intelligent relinquishment or abandonment' of his rights." *Id.* (quoting *Edwards v. Arizona*, 451 U.S. 477, 483 (1981)).

Petitioner has not shown that the California Supreme Court's decision that re-advisement was not necessary involved an unreasonable application of federal law. The California Supreme Court could have reasonably concluded that Petitioner's circumstances had not changed so significantly between his two statements that he was no longer making a "knowing and intelligent relinquishment" of his rights. *Edwards*, 451 U.S. at 483. Having considered the record, the Court cannot conclude that the state court's decision to admit Petitioner's second statement to police officers was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

**VII.   The State Court Did Not Err in Denying Petitioner's Insufficient Evidence Claims.**

In his fifth ground for habeas relief, Petitioner alleges that the evidence adduced at trial was insufficient to convict him of the  two charges of being a felon in possession of a firearm.

14

(Doc. 25 at 11.)  Petitioner contends that he neither committed the carjackings with a gun, nor pointed a gun at or showed a gun to either of the carjacking victims.  *Id.*  Respondent contends, based on the evidence adduced at trial, the California Supreme Court's denial of this claim was not objectively unreasonable.  (Doc. 60 at 13-15.)

Petitioner first raised this claim in a petition for writ of habeas corpus filed in the California Supreme Court, which the Court summarily denied.  Therefore, there is no reasoned state court opinion for this Court to review.  The Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable."  *Haney*, 641 F.3d at 1171 (internal citations omitted).

Petitioner must show that "there was no reasonable basis" for the California Supreme Court's ruling.  *Id.* (quoting *Cullen*, 563 U.S. at 188 (internal quotation marks omitted)).  The Court then must decide "what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court."  *Id.* (internal quotation marks omitted).

## A.  Standard of Review for Insufficient Evidence Claims

To determine whether the evidence supporting a conviction is so insufficient that it violates the constitutional guarantee of due process of law, a court evaluating a habeas petition must carefully review the record to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Virginia*, 443 U.S. at 319; *Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir. 1998).  It must consider the evidence in the light most favorable to the prosecution, assuming that the trier of fact weighed the evidence, resolved conflicting evidence, and drew reasonable inferences from the facts in the manner that most supports the verdict.  *Virginia*, 443 U.S. at 319; *Jones v. Wood*, 114 F.3d 1002, 1008 (9th

Cir. 1997).

## B. Denial of Petitioner's Insufficient Evidence Claim Was Not Objectively Unreasonable.

Petitioner argues that the evidence was insufficient to prove that he used a gun during the two carjackings. (Doc. 25 at 11.) Both carjacking victims testified at trial that Petitioner used a gun to take their cars. Victim 1 testified that when he refused to give Petitioner a ride, Petitioner raised his shirt and the victim saw what he believed to be a pistol. (Lodged Doc. 1 at 75-77; 79.) Petitioner approached victim 2, and when the victim refused to lend Petitioner his car, Petitioner grabbed a pistol under his shirt, at which point the victim gave Petitioner his car keys. *Id*. at 40-41. When Petitioner was caught by police in victim 2's car, the police found Petitioner's pistol in the trunk of the car. *Id*. at 92-102.

In evaluating the sufficiency of the evidence, the reviewing court must consider all evidence adduced at trial. *McDaniel v. Brown*, 558 U.S. 120, 131 (2010). Here, both victims of the carjackings testified that Petitioner showed them a pistol before taking their cars and police officers found a pistol in the trunk of the stolen car Petitioner was driving when he was caught. Petitioner argues that (1) the victims did not testify that Petitioner pulled the pistol out of his waistband; (2) one of the victims was drunk at the time of the carjacking; (3) the police found Petitioner's pistol in the trunk of the car when he was stopped and not in his waistband; and (4) one of the victims owed money to Petitioner, so he lied and told police officers that Petitioner stole his car.

The Court must examine the evidence in the light most favorable to the prosecution, assume that the trier of fact weighed the evidence, resolved conflicting evidence, and drew reasonable inferences from the facts in the manner that most supports the verdict. *Virginia*, 443 U.S. at 319; *Jones*, 114 F.3d at 1008. Although Petitioner now presents alternative theories regarding the victims' testimony and the placement of the gun, the jury was able to weigh the

16

evidence presented by the witnesses and the credibility of the witnesses before making its decision. Examining the evidence in the light most favorable to the prosecution, the evidence established that Petitioner showed both victims a pistol before taking their cars and was found with his pistol in the trunk of the stolen car he was driving. The evidence presented at trial by the victims and the police officers supported the conclusion that Petitioner possessed and used a gun during the two carjackings. Consequently, the Court denies Petitioner's claim that insufficient evidence was adduced at trial to support his conviction for using a gun to commit the carjackings.

## VIII.   The State Court did not Err in Rejecting Petitioner's Ineffective Assistance of Counsel Claim.

In his sixth ground for habeas relief, Petitioner states that he received ineffective assistance of counsel because his trial attorney failed to move "to bifurcate the trial of the prior [felony conviction] from the trial on the substantive charge." (Doc. 25 at 19.) Respondent contends the state court's denial of this claim was reasonable, because Petitioner failed to establish deficient representation by counsel or that he suffered prejudice as a result of counsel's performance. (Doc. 60 at 18-20.)

Petitioner first raised this claim in a petition for writ of habeas corpus filed in the California Supreme Court. Because that habeas petition was denied without a written opinion, there is no reasoned state court opinion for the Court to review. This Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Haney*, 641 F.3d at 1171 (internal citations omitted).

### A.   Standard of Review for Ineffective Assistance of Counsel Claims

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorney's representation was deficient and (2) he suffered prejudice as a result of the deficient representation. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

**B. The State Court's Determination of Petitioner's Ineffective Assistance of Counsel Claim Was Not Objectively Unreasonable.**

Petitioner argues that his trial counsel did not move "to bifurcate the trial of [his] prior [felony conviction] from the trial on the substantive charge." (Doc. 25 at 19.) Petitioner is mistaken with regard to the charges filed against him. Petitioner was not on trial for his prior conviction; Petitioner was instead charged with being a felon in possession of a firearm. His prior conviction was relevant to the possession charge because the prosecutor had to prove that Petitioner was previously convicted of a felony, to satisfy that required element of the felon in possession of a firearm charge. (Cal. Penal Code § 12021(a)(1)).

Assuming Petitioner is instead alleging that counsel was ineffective for failing to bifurcate the charge of being a felon in possession from his other charges, Petitioner's claim still fails. Petitioner cites two cases in which counsel were found ineffective for failing to exclude prior

18

convictions; however, the convictions in those cases were used as evidence against the defendants. *See People v. Jackson*, 187 Cal. App. 3d 499 (1987) (counsel ineffective for failing to move to bar prior felony convictions); *In re Jones*, 13 Cal. 4th 552 (1996) (jury heard irrelevant, prejudicial information about defendant due to counsel's inadequate investigations). By contrast, here, Petitioner's prior felony conviction was an element of two charges.

The California Supreme Court held that bifurcation is inappropriate where the prior conviction is an element of one of the charges. *People v. Sapp*, 31 Cal. 4th 240, 260-62 (2003). In these cases,

> the trial court [has] only two options when a prior conviction is a substantive element of a current charge: [e]ither the prosecution proves each element of the offense to the jury, or the defendant stipulates to the conviction and the court "sanitizes" the prior by telling the jury that the defendant has a prior felony conviction, without specifying the nature of the felony committed.

*Id*. at 262.

Based on this precedent, Petitioner cannot show that there was no reasonable basis for the California Supreme Court's opinion, because his prior conviction was an element of the felon in possession charge. *Haney*, 641 F.3d at 1171. The Court properly allowed the prosecution to prove each element of the charged offenses.

Moreover, Petitioner has not provided, and the Court has not found, any Supreme Court decisions that are inconsistent with the California Supreme Court precedent. For these reasons, the Court will deny Petitioner's ineffective assistance claim.

### IX.    **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his  . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court should decline to issue a certificate of appealability.

**X.      Conclusion**

Based on the foregoing, the Court hereby DENIES with prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability. The Clerk of the Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:   **December 26, 2017**                              /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE